# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| BELINDA TORRES § | |
|    Plaintiff § | |
| v. § | Civil Action No.: 5:20-cv-00434 |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY § | |
|    Defendant | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

### *Procedural Background*

1. On March 2, 2020, Plaintiff filed her Original Petition against diverse Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), styled Cause No. 2020CV01511; *Belinda Torres v. State Farm Mutual Automobile Insurance Company;* In the County Court at Law No. 10, Bexar County, Texas. Defendant filed its answer on March 23, 2020.

### *Nature of the Suit*

2. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on January 15, 2018. Plaintiff claims tortfeasor Natalie Gusme was negligent in her handling of her vehicle. Plaintiff seeks underinsured motorist benefits of $30,000.00 from State Farm pursuant to the Texas Declaratory Judgment Act. Plaintiff also seeks to recover attorney's fees. Plaintiff has refused to sign a binding damage cap stipulation.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on March 10, 2020, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. Defendant was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff was a citizen of Texas when she filed her Original Petition, and continues to be a citizen of Texas.

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in his Original Petition for the recovery of underinsured motorist benefits of $30,000.00. The uninsured/underinsured motorist ("UM/UIM") policy provides UM/UIM limits of $30,000.00 per person. (*See* State Farm Policy and Declarations Page). Plaintiff also seeks the recovery of attorney's fees. Plaintiff has refused to sign a binding damage cap stipulation due to the claim for attorney's fees.

*The Removal is Procedurally Correct*

7. Plaintiff filed suit against Defendant State Farm in state court on March 2, 2020. Defendant was served on March 10, 2020. Defendant filed its answer in state court on March 23, 2020.

8. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm was served on March 10, 2020.

9. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this district.

10. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

11. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the County Court At Law No. 3 in Bexar County, Texas, promptly after Defendant State Farm files this Notice.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this action be removed from the County Court At Law No. 3 of Bexar County, Texas to the United States District Court for Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

L<small>INDOW</small> S<small>TEPHENS</small> T<small>REAT</small> LLP

By: *[signature: Margaret F. Brown]*

Margaret Brown
State Bar No. 24092181
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsímile)
mbrown@lstlaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **4th** day of **April, 2020**, addressed to those who do not receive notice from the Clerk of the Court.

Julian T. Lopez
State Bar No. 12566450
V<small>ILLARREAL</small> & B<small>EGUM</small>
5826 I.H. 10 West
San Antonio, Texas 78201
Telephone: (210) 233-6904
Facsimile: (210) 233-8278
julian@vblawgroup.com

*[signature: Margaret F. Brown]*

Margaret Brown

4